UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ROBERT L. MURRAY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:19-cv-01244-SEB-MJD |
|  | ) |  |
| DASHAN ZATECKY, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Robert L. Murray petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISR 18-10-0062. For the reasons explained in this Order, Mr. Murray's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On October 7, 2018, Indiana Department of Correction (IDOC) Officer B. Weddell wrote a Report of Conduct charging Mr. Murray with battery, a violation of the IDOC's Adult Disciplinary Code offense A-102. The Report of Conduct states:

> On 10-7-2018 at approx. 3:10 a.m. I Ofc. B. Weddell was helping HCH roll in their first chow line 1,3,5 B block side. Ofd. Murray, R #962841 B/M was standing on top of stairway looking down the stairs. I looked down the 3B range to see if another offender was in his cell. And when I turned back around and saw Ofd. Murray, R assault Ofd. Thompson, S #201199 B/W. I Ofc. Weddell then called a 10-10 and applied mechanical restraints to Ofd. Murray. Yard then showed up and escorted the offenders to the infirmary.

Dkts. 1-1, 7-1 [sic].

Mr. Murray was notified of the charge on October 11, 2018, at 8:58 a.m. when he received the Screening Report. He plead not guilty to the charge, asked for a lay advocate, and did not request physical evidence or witnesses. Dkt. 7-2.

A hearing was held on October 12, 2018. Mr. Murray asked for a continuance of the hearing but his request was denied. Dkt. 7-3. Mr. Murray's statement was that he did not touch Offender Thompson. *Id.* Nevertheless, the hearing officer found Mr. Murray guilty of battery based on the conduct report and physical evidence. *Id.* The sanctions imposed included a three-hundred-sixty-five day earned-credit-time deprivation, which was suspended, a two-level credit class demotion, and other non-grievous sanctions. *Id.*

Mr. Murray appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 7-4 & 7-5. Neither appeal was successful. *Id.* Mr. Murray then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

In his petition, Mr. Murray asserts two grounds for habeas corpus relief: (1) he did not receive fair and reasonable notice of the alleged conduct violation; and (2) there was not sufficient evidence on which to base his conviction for Class A assault. Dkt. 1 at 2-4. The respondent Warden states that Mr. Murray has exhausted his administrative remedies on these issues. Dkt. 7 at 3.

#### 1. Notice of the Charge

Mr. Murray argues that he was not given fair and reasonable notice of the conduct he is alleged to have committed. Dkt. 1 at 3. He contends that he was confronted with the conduct report of October 11, 2018, stating only that he had assaulted Offender Thompson, but that Thompson had told the officer that Mr. Murray never assaulted him. *Id.* Mr. Murray argues that the conduct report did not contain a sufficient description of the alleged conduct, in that it did not state, *e.g.*, whether the assault was a punch, a kick, or was done by throwing something. *Id.* at 3-4. This, Mr. Murray contends, hindered his ability to marshal the facts and prepare a defense. *Id.* at 4.

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564; *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) ("all that due process requires is that prisoners be given written notice of alleged violations at least 24 hours before a disciplinary hearing"); *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) ("The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge.") (citations and quotation marks omitted); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) ("The notice should include the number of the rule violated . . . and a summary of the facts underlying the charge." (citations and quotation marks omitted)).

The notice provided to Mr. Murray in this case was constitutionally adequate. The conduct report included the date and time of the event, the name of the officer who witnessed the event, where the officer reported that it occurred, and the name of the offender assaulted. Dkt. 1-1; dkt. 7-1. This was a sufficient summary of the incident. Mr. Murray was provided 24 hours advance notice of the hearing. Dkt. 7-2. Mr. Murray's argues in reply that the conduct report never specified the precise location of the assault and that omission was insufficient to show that he assaulted Thompson. Dkt. 14 at 4. But the failure to specify the exact location of the assault, under these circumstances, is not a due process violation. Mr. Murray was on notice of the incident and charge that would be heard at the disciplinary hearing.

Under these facts, Mr. Murray's contention that the conduct report's failure to describe the exact manner and place of the assault hindered his ability to marshal a defense is without merit.

Habeas corpus relief on Mr. Murray's first ground is **denied**.

### 2. Sufficient Evidence

Mr. Murray contends there was insufficient evidence to support the battery charge. Dkt. 1 at 4. Specifically, he argues that the hearing officer's decision was based solely on the conduct report and physical evidence. *Id.* Because the conduct report did not specify on which body part Thompson was assaulted, and no other evidence contained that information, Mr. Murray argues, there was insufficient evidence to support the conviction. *Id.* But he does not address the physical evidence that consisted of photographs of abrasions to Thompson's face and abrasions to Mr. Murray's left knuckles and fingers. Dkt. 9 (filed *ex parte*).

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v.*

*Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

Applying these standards to the facts of Mr. Murray's case, there was constitutionally sufficient evidence to support the conviction. A conduct report alone is sufficient evidence, *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999), but here there were photographs of injuries that were also considered by the hearing officer. It was the hearing officer's decision to weigh Mr. Murray's statement against the conduct report and physical evidence and to determine whether sufficient evidence was present to convict Mr. Murray of the charge. This Court cannot in the first instance make that determination or re-weigh evidence. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence").

Mr. Murray's second ground for habeas corpus relief is without merit and is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Murray to the relief he seeks.

Accordingly, Mr. Murray's petition for a writ of habeas corpus must be **denied** and the action dismissed. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/7/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert L. Murray
962841
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Katherine A. Cornelius
Indiana Attorney General
katherine.cornelius@atg.in.gov